IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03184-WYD-KLM

LINDA SUE FICK,

     Plaintiff,

v.

US BANK NATIONAL ASSOCIATION,
CITIGROUP MORTGAGE LOAN TRUST,
WELLS FARGO,
NEW CENTURY MORTGAGE,
AMERICA'S SERVICING COMPANY,
CITIGROUP MORTGAGE LOAN TRUSTS, and
CASTLE STAWIARSKI, LLC,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Complaint for Emergency Temporary Restraining Order and Decla[r]atory Relief and to Stay Foreclosure Sale** [Docket No. 3; Filed December 7, 2011] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1C(3), the Motion has been referred to this Court for recommendation. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#3] be **DENIED**.

## I.  Factual and Procedural Background

     Plaintiff, who proceeds in this matter *pro se*,[1] initiated this lawsuit on December 7,

---

[1]  The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

2011. *See Compl.* [#1]. She seeks a temporary restraining order ("TRO") to enjoin Defendants from proceeding with a foreclosure sale on Plaintiff's home, which is scheduled for December 21, 2011.[2] *See Motion* [#3] at 6. In short, Plaintiff appears to allege that Defendants may not foreclose on her property because assignments of the note that took place after she refinanced her mortgage were not proper and, therefore, did not convey any interest in her property.

In her Complaint, Plaintiff alleges that, in April 2006, she executed a mortgage in favor of Defendant New Century Mortgage to refinance her primary residence, which is located at 12168 Melody Dr. #304, Westminster, Colorado. *See Compl.* [#1] at 1, 3. On June 29, 2006, Defendant New Century Mortgage securitized certain loans into a single series of certificates. *See id.* at 3. The certificates were titled Citigroup Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-NC1. *See id.* They were issued pursuant to a pooling and servicing agreement dated June 1, 2006, among Defendant Citigroup Mortgage Loan Trust, Inc. as depositor, Defendant Wells Fargo Bank, N.A. as servicer, Citibank, N.A.[3] as trust administrator, and Defendant U.S. Bank, N.A. as trustee.

---

1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on her behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

    [2] Plaintiff also appears to request a preliminary injunction. *See, e.g., Motion* [#3] at 6. However, pursuant to Fed. R. Civ. P. 65(a)(1), the Court may issue a preliminary injunction only on notice to the adverse party." Here, there is no indication in the record that any Defendants have been provided with notice, and, accordingly, the Court may not issue a preliminary injunction at this time and proceeds solely with the analysis of Plaintiff's request for a temporary restraining order.

    [3] Citigroup Mortgage Loan Trust and Citigroup Mortgage Loan Trusts are named defendants in this action.

*See id.*

Plaintiff further alleges that Defendants Citigroup Mortgage Loan Trust, U.S. Bank, N.A., and Wells Fargo have initiated a non-judicial foreclosure. *See id.* at 6. Those Defendants first recorded a Notice of Trustee's Sale on March 31, 2011. *See id.* at 3. Originally, the sale was scheduled for May 11, 2011, but it was, for undisclosed reasons, delayed several times to the presently pending sale date of December 21, 2011. *See id.* at 3-4.

Plaintiff provides little else with respect to relevant, material facts underlying her lawsuit. Neither the Complaint nor the documents she filed with her Complaint[4] provide any details on her claims; for example, she has not provided a copy of the original note, which she admits to having received. *See id.* at 4. The majority of her allegations are not specific statements respecting her situation but are, rather, general statements concerning the mortgage lending industry. *See, e.g., id.* at 6 ("40 million homes are not legally foreclosable because of massive mortgage fraud and title slander which means title fraud.").

Plaintiff characterizes her lawsuit as an action for declaratory relief, in which she requests a declaration that "US Bank N.A., Wells Fargo, and Citigroup Mortgage Loan ha[ve] no legal or equitable rights in the Note or Mortgage for purposes of foreclosure and that said Defendant[s] ha[ve] no legal standing to institute or maintain foreclosure on the Property."[5] *See id.* Plaintiff does not request any damages.

---

[4] Plaintiff provided no additional documentation in the Motion [#3].

[5] Plaintiff mentions the "Federal Truth and Lending Act, Real Estate Settlement Procedures Act, Home Ownership Equity Protection Act, Predatory Loan Origination Practices, Predatory Loan Servicing Practices, Consumer Civil Rights Protection violations, Contractual Misrepresentations, and Fraud in the Inducement." *Compl.* [#1] at 4-5. However, she mentions these statutes, legal claims, and "practices" in relation to an audit on her original note performed by the Consumer

## II.  Analysis

Issuance of a TRO is discretionary with the Court.  *See Hinkel Dry Goods Co. v. Wichinson Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933).  Pursuant to Fed. R. Civ. P. 65(b)(1), a TRO may be issued without notice to the adverse party or its attorney:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Injunctive relief is intended to preserve the status quo until a final determination of the parties' rights can be reached.  *See Otero Savings & Loan Ass'n v. Fed. Res. Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981).

Pursuant to Fed. R. Civ. P. 65(b)(1)(A), Plaintiff must support her request for a temporary restraining order with an affidavit or verified complaint.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* litigants must follow the same procedural rules that govern other litigants).  Plaintiff's Motion [#3] is not supported by an affidavit.  The Complaint [#1] includes a "Declaration" page, which contains a jurat completed by a notary and a statement that Plaintiff "declare[s] under penalty of purgery under the laws of Colorado that the foregoing is true and correct, except for matters stated information and belief, and to those matters, I believe them to be true." *Compl.* [#1] at 11.

---

Protection Assistance Coalition, which sent her a letter stating that it had "identified the presence of one or more" violations thereof.  *See id.* at 14.  Plaintiff does not present any argument, analysis, or request for relief with respect to these concepts.  The only exception is the Real Estate Settlement Procedures Act, which she identifies as a basis for federal question jurisdiction.  *See id.* at 2.

However, even assuming that such declaration is sufficient,[6] Plaintiff has failed to make any showing pursuant to Fed. R. Civ. P. 65(b)(1)(B) that she attempted to give notice to Defendants of this proceeding and of her request for emergency injunctive relief.[7] *See Brown v. Deutsche Bank Nat'l Trust*, No. 10-cv-02287-ZLW-MJW, 2010 WL 4256212, at *2 (D. Colo. Sept. 28, 2010) (applying to a *pro se* plaintiff the requirement of Fed. R. Civ. P. 65(b)(1)(B) that the movant's attorney certify in writing any efforts made to give notice to adverse parties). Further, she has failed to provide any reason why such notice should be excused. *See* Fed. R. Civ. P. 65(b)(1)(B).

However, even if Plaintiff were to cure the procedural defects in her request for a TRO, she must still establish: (1) that there is a substantial likelihood that she will prevail on the merits; (2) that, if the injunction is denied, irreparable injury to the plaintiff will result; (3) Plaintiff's threatened injury outweighs the opposing party's injury; and (4) the public interest would not be adversely affected by an injunction. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). Injunctive relief "is an extraordinary remedy;" accordingly, Plaintiff's "right to relief must be clear and unequivocal." *Id.*

Plaintiff does not mention any state court proceedings in connection with the sale of her property. However, for her property to be in foreclosure, there must have been state court proceedings to authorize the foreclosure sale pursuant to Rule 120 of the Colorado

---

[6] *See Brown v. Deutsche Bank Nat'l Trust*, No. 10-cv-02287-ZLW-MJW, 2010 WL 4256212, at *2 (D. Colo. Sept. 28, 2010) (expressing doubt in a temporary-restraining-order analysis on a foreclosure proceeding whether a similar notarized statement by a *pro se* plaintiff was sufficient to meet the requirements of Fed. R. Civ. P. 65(b)(1)(A)).

[7] As of the date of this Recommendation, Defendants have yet to be served.

Rules of Civil Procedure.  *See Maxwell v. BAC Home Loan Servicing, L.P.*, No. 10-cv-01806-WYD-BNB, 2010 WL 3075456, at *2 (D. Colo. Aug. 4, 2010).  Thus, Plaintiff is here essentially asking the Court to interfere with the state court proceedings that authorized the sale of her home.  Pursuant to the *Rooker-Feldman* doctrine, though, federal district courts may not conduct appellate-type review of state court judgments, including judgments authorizing the sale of property.  *See Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149-MSK, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Plaintiff's claim that Defendants lack standing to initiate the foreclosure sale mandates a review of the state court foreclosure proceedings, because such a claim, if determined in Plaintiff's favor, would essentially reverse the state court orders permitting the foreclosure sale.  In other words, this Court would be acting as an appellate court if it reconsidered the issue of Defendants' standing to initiate the foreclosure sale.  "Such interference would require this Court to substitute its judgment for [that] of the state court on the issue of property rights, . . .  which involves important state interests and looks to state law for their resolution."  *Yokomizo v. Deutsche Bank Securities, Inc.*, No. 11-cv-01630-CMA-KLM, 2011 WL 2912691, at *2 (D. Colo. July 20, 2011).  Therefore, to the extent that Plaintiff is claiming that the state court erred by permitting these Defendants to proceed with the foreclosure process, "the more appropriate remedy is to pursue an independent action in state court that challenges the [state court's] order authorizing foreclosure and the sale of the property."  *Id.* (citing *Beeler Props. LLC*, 2007 WL 1346591,

at *3).   Thus, a TRO may not issue because Plaintiff has not shown that there is a substantial likelihood that she will prevail on the merits.

### III. Recommendation

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#3] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 15, 2011

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge