IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03184-WYD-KLM

LINDA SUE FICK,

    Plaintiff,

v.

US BANK NATIONAL ASSOCIATION,
CITIGROUP MORTGAGE LOAN TRUST,
WELLS FARGO,
NEW CENTURY MORTGAGE,
AMERICA'S SERVICING COMPANY,
CITIGROUP MORTGAGE LOAN TRUSTS, and
CASTLE STAWIARSKI, LLC,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to the Order to Show Cause entered on August 13, 2012 [#50]. In the Order to Show Cause, the Court directed Plaintiff to show cause, in writing and filed with the Court, as to why her claims against Defendants Citigroup Mortgage Loan Trust, Citigroup Mortgage Loan Trusts (collectively, the "Citigroup Defendants"), New Century Mortgage, and Caste Stawiarski, LLC ("Castle") should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) & 41(b). [#50] at 2. Plaintiff was directed to either (1) file proof of service on the above-named Defendants, or (2) respond in writing with an explanation of good cause for her failure to properly serve these Defendants. *Id.* Plaintiff's deadline for compliance with the Order to Show Cause was August 28, 2012, but she has failed to contact the Court in any manner since the Order to

Show Cause was issued.

Plaintiff initiated this action *pro se* on December 7, 2011 [#1]. Plaintiff was granted leave to proceed *in forma pauperis* on December 9, 2011 [#6], and on December 12, 2011, the Clerk of Court certified that the U.S. Marshals Service had undertaken the task of serving the Summons and Complaint on all Defendants [#10]. On January 5, 2012, the Court issued a Minute Order [#50] granting Defendant Castle's Motion to Quash Service of Summons and Complaint [#17]. On January 18, 2012, Plaintiff filed an unexecuted Summons Return as to Defendant New Century Mortgage [#21]. On February 24, 2012, Plaintiff filed unexecuted Summons Returns as to the Citigroup Defendants [#32, #33]. Plaintiff twice sought entry of default against Defendant Citigroup Mortgage Loan Trust, which was denied each time by the Clerk's Office for failure to meet the requirements of Fed. R. Civ. P. 4 and 55(a) [#42, #46, #47, #48]. To date, nothing filed on the docket by Plaintiff includes revised physical addresses for the above-named Defendants.

While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). Plaintiff does not provide current addresses for the above-named Defendants. It is Plaintiff's responsibility to keep the Court apprised of information needed to properly effect service, as "[t]he court need not require the U.S. Marshal or the Clerk of the Court to search for [the unserved defendants]." *Id.* at *6. The Marshals Service attempted to but could not locate the above-named Defendants at the addresses provided by Plaintiff, and in the absence of correct information provided by Plaintiff, the Marshals Service has completed its duty. At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service.

Plaintiff was warned in advance that the penalty for the inability to serve or for failing to respond to the Order to Show Cause would be dismissal of her case against the unserved Defendants. [#50] at 2. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#50] is made **ABSOLUTE**.

The Court respectfully **RECOMMENDS** that Defendants Citigroup Mortgage Loan Trust, Citigroup Mortgage Loan Trusts, New Century Mortgage, and Caste Stawiarski, LLC be **DISMISSED WITHOUT PREJUDICE** as parties from this action, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 5, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge