IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03184-WYD-KLM

LINDA SUE FICK,

    Plaintiff,

v.

US BANK NATIONAL ASSOCIATION,
CITIGROUP MORTGAGE LOAN TRUST,
WELLS FARGO,
NEW CENTURY MORTGAGE,
AMERICA'S SERVICING COMPANY,
CITIGROUP MORTGAGE LOAN TRUSTS, and
CASTLE STAWIARSKI, LLC,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants U.S. Bank National Association, Wells Fargo, and America's Servicing Company's **Motion to Dismiss First Amended Complaint and Supporting Brief** [Docket No. 36; Filed March 16, 2012] (the "Motion"). On March 30, 2012, Plaintiff, who proceeds in this matter *pro se*, filed a Response [#39] in opposition to the Motion. On April 12, 2012, Defendants[1] filed a Reply [#41]. On April 30, 2012, Plaintiff filed a Sur-reply [#41]. The Motion is ripe for review. Pursuant to 28 U.S.C. § 636(b)(1)

---

[1] A Recommendation [#51] is currently pending that recommends dismissal of Defendants Citigroup Mortgage Loan Trust, New Century Mortgage, Citigroup Mortgage Loan Trusts, and Castle Stawiarski, LLC for failure to serve them with copies of the summons and complaint. "Defendants" in this Recommendation therefore refers only to the other three Defendants, U.S. Bank National Association, Wells Fargo, and America's Servicing Company.

and D.C.Colo.LCivR 72.1C(3), the Motion has been referred to this Court for recommendation [#37]. Having reviewed the entire case file and being sufficiently advised, the Court respectfully **RECOMMENDS** that the Motion [#36] be **GRANTED in part and DENIED in part**, as outlined below.

## I. Background

In short, this case challenges Defendants' standing to foreclose on a mortgage lien secured by a Deed of Trust on Plaintiff's single-family residence located at 12168 Melody Drive #304, Westminster, Colorado (the "Property"). *Am. Compl.* [#34] at 2. On April 20, 2006, Plaintiff refinanced the Property with New Century Mortgage. *Id.* At that time she signed a promissory note (the "Note") and a Deed of Trust.[2] *Id.*; *Ex. A, Adjustable Rate Note* [#36-1]; *Ex. B, Deed of Trust* [#36-2].

On June 1, 2006, a Pooling and Servicing Agreement was created among Citigroup Mortgage Loan Trust Inc. as depositor; Defendant Wells Fargo, N.A. as servicer; Citigroup, N.A. as trust administrator; and Defendant U.S. Bank, N.A. ("U.S. Bank") as trustee to the Series 2006-NC1 Certificates. *Am. Compl.* [#34] at 6. On or before January 1, 2007, New

---

[2] Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiffs' claims and to which the plaintiffs refer in their complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court has examined the documents submitted by the parties in connection with the Amended Complaint and the Motion and has determined that each of the documents cited to in this decision may appropriately be referenced by the Court in making its Recommendation on the pending Motion.

Century Mortgage securitized certain mortgages (including Plaintiff's), and transferred its interests to Citigroup as part of the "Citigroup Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-NC1," pursuant to the Pooling and Servicing Agreement. *Id.* at 5-6.  On April 2, 2007, New Century Mortgage filed for bankruptcy.  *Id.* at 5.

In 2009, Plaintiff continued to make regular payments to an unspecified bank but stopped making payments to Defendant America's Servicing Company ("ASC") due to her uncertainty as to its role in her mortgage.[3]  *Id.* at 3.  When Plaintiff contacted Defendant ASC, a representative told her that her loan was owned by "a bunch of different private investors." *Id.* at 5.  In early 2010, Plaintiff received a copy of the Note from Defendant ASC and received additional, identical copies of the Note at various times thereafter.  *Id.* at 7-8.

When Plaintiff failed to pay principal and interest on her mortgage as it became due, Defendant U.S. Bank, the trustee, initiated a non-judicial foreclosure of the Property by recording a Notice of Election and Demand for Sale by Public Trustee on January 10, 2011. *See Ex. C, Notice of Election* [#36-3].  On March 31, 2011, a Notice of Trustee's Sale was filed to set the sale of the Property for May 11, 2011.  *Id.* at 8.  The sale date for the Property has been reset multiple times.  *Id.*  As of April 30, 2012, Plaintiff continued to reside in her home.  *See Sur-reply* [#41] at 1 (stating that, "Right now after repeated foreclosures I am still in my home and plan to stay there!").  Plaintiff asserts that none of the Defendants have any interest in her mortgage.  In part, Plaintiff seeks the return of all sums she has paid on her mortgage since 2006 and asks the Court to enjoin Defendants'

---

[3] It is unclear precisely when Plaintiff began making payments to Defendant ASC.

attempts to foreclose on the Property. *Am. Compl.* [#34] at 9.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a). *Iqbal*, 556 U.S. at 679 (quotation marks and citation omitted).

### III.  Analysis

**A.     Construction of Plaintiff's Amended Complaint**

The Court is initially faced with the issue of construing Plaintiff's Amended Complaint. When considering Plaintiffs' filings, the Court is mindful that it must construe the filings of *pro se* litigants liberally. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing to *Twombly*); *Haines v. Keener*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Based on a thorough review of the Amended Complaint, Plaintiff has raised three claims.

First, Plaintiff states that, "This lawsuit is more about proving who really owns my home, not that it was securitized or foreclosed upon." *Sur-reply* [#41] at 1. She avers that, "Defendants have repeatedly failed to prove that they have rights to the plaintiff's property as qualified note holders. Under federal laws and the fair debt collections acts and RESPA the plaintiff has the right[ ] to know who the real qualified owners of [her] mortgage note really are." *Id.* at 5. Defendants construe these and other statements in the Amended Complaint and responsive briefs to mean that Plaintiff is asserting one cause of action, namely, a claim for entry of a declaratory judgment that Defendants lack standing to initiate

foreclosure proceedings.[4] Defendants accordingly rest the Motion on this premise. *Motion* [#36] at 1-2.  The record before the Court indicates that only Defendant U.S. Bank has initiated or attempted to initiate foreclosure proceedings on the Property.  *See Ex. C, Notice of Election* [#36-3].  The Court therefore construes Plaintiff's first claim as a request for declaratory judgment against Defendant U.S. Bank.

Second, Plaintiff alleges that she has sent Defendant ACS and Defendant Wells Fargo more than four Qualified Written Request ("QWR") letters in compliance with the Real Estate Settlement Procedures Act ("RESPA").  *Am. Compl.* [#34] at 12.  She alleges that they provided incomplete responses to her questions in violation of RESPA.[5]  *Id.*  The Court therefore construes Plaintiff's second claim as a claim for violation of RESPA by Defendants ACS and Wells Fargo.

Third, Plaintiff alleges that Defendant Wells Fargo has ignored the alleged requirement of the Fair Debt Collection Procedures Act ("FDCPA") that it must prove that "[it has] the rights to come after me if [it] can't prove that [it] own[s] [the] Note."[6]  *Id.* at 11.  The Court therefore construes Plaintiff's third claim as a claim for violation of the FDCPA by Defendant Wells Fargo.

In addition to these three claims, as part of the heading and twice in the body of the Amended Complaint, Plaintiff presents lengthy, non-uniform lists of legal claims and legal theories, on which she fails to expand in the rest of the Amended Complaint.  *See Am.*

---

[4] Plaintiff does not contest this characterization of her claim in her Response [#39].

[5] Plaintiff does not identify with particularity which provision of the RESPA she believes may have been violated.

[6] Plaintiff does not identify with particularity which provision of the FDCPA she believes may have been violated.

*Compl.* [#34] at 1 (listing wrongful foreclosure; RESPA, HOPEA and TILA violations; fraud in the inducement; unjust enrichment; no contract; fraud and concealment; quiet title; slander of title; intentional infliction of emotional distress; violations of the Fair Debt Collection Practices Act; predatory lending violations; pooling and servicing agreement violations; and servicing company violations), 4-5 (predatory lending practices; altering loan applications; failure to follow usual underwriting procedures; financial coercion of underwriters; inventing questionable loans, such as ARM's and negative amortization; failure to record assignments and notices; creation of REMIC trusts to avoid IRS liability; failure to follow consumer protection laws such as TILA, RESPA, and the FDCPA; failure to respect laws of equity regarding irrevocable trusts; multiple securitizations of the same loan; financial coercion of rating agencies; credit default swaps; misrepresentations to investment companies and/or potential investors; and harassment of and disrespect toward borrowers), 5 (TILA, RESPA, HOEPA, fraud/deceit, unconscionable contract, "and other violations").

While the Court must liberally construe a *pro se* litigant's complaint, "liberal construction has its limits." *Langley v. Chase Home Fin., LLC*, No. 1:10-cv-604, 2011 WL 1150772, at *3 (W.D. Mich. Mar. 11, 2011).

> [C]ourts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for [her]. Neither may the court "conjure up unpled allegations," nor create a claim for Plaintiff, because to hold otherwise would require the court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."

*Id.* (internal citations omitted) (quoting *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757,

766 (E.D. Mich. 2009)).

The Court above identifies three claims in the Amended Complaint. The remaining numerous causes of action and theories of relief are based on no more than conclusory statements and are unsupported by the facts alleged in the Amended Complaint. The Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Further, Plaintiff's use of such phrases as "and other violations" in describing her causes of action indicates that she is inviting the Court to recognize an infinite number of unpled claims on her behalf. *Langley*, 2011 WL 1150772, at *4 n.1. "The court cannot act as [P]laintiff's advocate to re-write [her] complaint to include these claims." *Id.* at *4. Thus, the Court limits its review to the three previously identified claims.

**B.     Declaratory Judgment**

As an initial matter, Plaintiff asserts that Colorado state laws no longer apply because the case is filed in federal court and, therefore, only federal law applies. *See Response* [#39] at 2 (stating that "the defendants are under the illusion that they are operating under Colorado State Laws and Guidelines and although the plaintiff's foreclosure may allegedly fall under Colorado State laws and guidelines we are now at the Federal level and those guidelines fall under Federal Laws"). Plaintiff is mistaken. In federal court, state law is applied to issues regarding a defendant's standing to foreclose. *See, e.g.*, *Niederquell v. Bank of Am., N.A.*, No. 11-cv-03185-MSK-MJW, 2012 WL 1578060, at *5 (D. Colo. May 4, 2012) (applying Colorado law to determine who may initiate a foreclosure sale).

Turning to Plaintiff's substantive argument, Plaintiff contends, in short, that Defendants do not have standing to foreclose on the Property. *Am. Compl.* [#34] at 7-8; *see also Response* [#39] at 2 ("If the defendants really are the trustees and America's Servicing Company [a]re the people allowed collecting [sic] my money then they need to prove that they have the rights to do so."). Plaintiff appears to make three arguments in support of this assertion. First, she avers that Defendants have not properly recorded assignments of the Note. *See Response* [#39] at 2 (discussing the "Mortgage Note with no assignments that obligates [Plaintiff] to New Century Mortgage and not Citigroup"). Second, she avers that Defendants may not foreclose without proving possession of the original Note. *See id.* (stating "if [Defendants] are the real holders of the note [then] why can't they just come up with it[?] Why are the servicers allowed to collect money on a supposed debt that they have no real validated proof of?"). Third, she avers that Defendants may not foreclose on the Property because her mortgage was securitized. *See Compl.* [#34] at 7 (stating that the "mortgage notes were separated from their collateral Deeds of Trust, bundled into mortgage 'pools' and securitized rendering impossible the usual completion of a mortgage contract . . . .").

Plaintiff's first argument is that any valid assignment must be recorded in order for the assignee to initiate foreclosure proceedings. However, contrary to Plaintiff's assertion, Colo. Rev. Stat. § 38–38–101(6) requires only that proper indorsement or assignment be provided either by (1) the "qualified holder present[ing] the original evidence of debt or a copy thereof to the officer together with a statement in the certification of the qualified holder or [a] statement of the attorney for the qualified holder" or (2) "a certified copy of an indorsement or assignment recorded in the county where the property being foreclosed is

-9-

located." Colo. Rev. Stat. § 38–38–101(6). A plain reading of the statute indicates that an assignment need not be recorded in order to be "valid;" thus, Plaintiff's argument lacks merit. Moreover, to the extent that Plaintiff may be arguing that the chain of assignment between New Century Mortgage and any Defendant is invalid, there is case authority to supporting that Plaintiff lacks standing to assert this challenge, because Plaintiff was not a party to the assignment at issue. *See, e.g.*, *Cingolani v. BAC Home Loans Servicing, L.P.*, No. 11-15159, 2012 WL 3029829, at *3 (E.D. Mich. July 25, 2012) (citing *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed. App'x 97, 102 (6th Cir. 2010)). Regardless, Plaintiff's first argument that lack of recording dooms the validity of any assignment is without merit.

Plaintiff's second argument is that Defendants must produce the original Note before they have standing to foreclose on the Property.[7] Plaintiff does not dispute that she signed the Note or that she is in default for failure to make payments under the terms of the Note. *See Am. Compl.* [#34] at 2. Instead, she claims that no Defendant may foreclose on the Property until she has been shown the original promissory note. However, Colorado does not require production of the original promissory note to initiate or complete a non-judicial foreclosure proceeding. *See* Colo. Rev. Stat. § 38–38–101(1)(b)(II). Rather, a qualified holder may initiate foreclosure proceedings by producing a certified copy of the promissory note so long as the qualified holder agrees to certain indemnity language and conditions.[8]

---

[7] The Court notes that Defendants have produced a copy of the Note in connection with the Motion, *see Ex. A, Adjustable Rate Note* [#36-1], but not the original document with the "wet ink" signatures on it.

[8] The Court notes that, to the extent that Plaintiff is alleging a violation of the FDCPA in connection with her failure-to-produce argument, the applicable statute only requires that the debt collector obtain a verification of a disputed debt or a copy of a judgment and provide the debtor with

*See* Colo. Rev. Stat. § 38–38–101(1)(b)(II), (2)(a). Plaintiff's Amended Complaint contains no allegation that the holder failed to produce a certified copy of the promissory note or that the proper procedure for initiating foreclosure proceedings was otherwise not followed. *See Sneed v. PNC Bank, Nat'l Ass'n*, No. 10-cv-03016-REB-MJW, 2011 WL 7429423, at *4 (D. Colo. Sept. 7, 2011) (finding no merit to the plaintiff's argument on similar facts). Therefore, the Court finds that Plaintiff's second argument is without merit.

Plaintiff's third argument is that Defendants may not foreclose because the Note was the subject of securitization. Securitization merely creates "a separate contract, distinct from Plaintiff[']s debt obligations under the reference credit (i.e. the Note)." *Larota–Florez v. Goldman Sachs Mortgage Co.*, No. 01:09cv1181, 2010 WL 1444026, at *6 (E.D. Va. Apr. 8, 2010). The separate contract that is the result of securitization (to which Plaintiff is not a party) does not change Plaintiff's obligation to comply with the terms of the Note and Deed of Trust. *See Commonwealth Property Advocates, LLC v. Mortg. Elec. Registration*, No. 2:10-CV-340 TS, 2010 WL 3743643, at *3 (D. Utah Sept. 20, 2010). No legal authority exists for the proposition that securitization of a mortgage "extinguish[es] a secured party's rights to foreclose." *Upperman v. Deutsche Bank Nat'l Trust Co.*, No. 1:10-CV-149, 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010). Therefore, the Court finds that Plaintiff's third argument is without merit.

Accordingly, the Court **recommends** that Defendants' Motion to dismiss Plaintiff's

---

a copy of that verification or judgment. *See* 15 U.S.C. § 1692g(b). Plaintiff's Amended Complaint does not make clear whether she received a "verification" of her mortgage debt, but there is no requirement in the FDCPA that Defendant Wells Fargo produce the original version of the Note. The Court also notes that it takes no position as to whether the FDCPA applies to the facts of this case at all.

request for declaratory judgment be granted for failure to state a claim.[9]

## C.   RESPA and FDCPA

In part due to the lack of clarity in the Amended Complaint, Plaintiff's RESPA and FDCPA claims have not been addressed by Defendants. The present Motion rests on the assumption that Plaintiff only asserted a request for declaratory judgment. As the parties have not raised and argued the merits of the RESPA or FDCPA claims, the Court declines to address those claims here. However, in light of the Court's construction of Plaintiff's Amended Complaint as outlined above, Defendants ACS and Wells Fargo must file an Answer or other response to Plaintiff's RESPA and FDCPA claims within fourteen days of the District Judge's final resolution of this Recommendation.

## IV. Recommendation

Accordingly, the Court respectfully **RECOMMENDS** that the Motion [#36] be **GRANTED in part and DENIED in part**. The Court **recommends** that the Motion be **denied** as to the RESPA claim against Defendants ACS and Wells Fargo and as to the FDCPA claim against Defendant Wells Fargo. The Court **recommends** that the Motion be **granted** as to all other claims and that these claims be **dismissed without prejudice**. Accordingly,

IT IS FURTHER **RECOMMENDED** that Defendant U.S. Bank be **dismissed** as a

---

[9] To the extent that Plaintiff may have been attempting to assert a claim for wrongful foreclosure based on Defendants' asserted lack of standing to initiate such proceedings, the Court notes that Colorado does not recognize a claim for damages based on wrongful foreclosure. *Schwartz v. Bank of Am.*, No. 10-cv-01225-WYD-MJW, 2011 WL 1135001, at *4 (D. Colo. Mar. 28, 2011). The Court also observes that, based on the record before it, Plaintiff is still residing in her home and the Property has not yet been officially foreclosed on by any Defendant. *See Sur-reply* [#41] at 1. Hence, no foreclosure of any type has occurred.

party to this action.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 10, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge