IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03184-WYD-KLM

LINDA SUE FICK,

      Plaintiff,

v.

WELLS FARGO, and
AMERICA'S SERVICING COMPANY,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** [Docket No. 57].  On December 19, 2012, the Court ordered Plaintiff to show cause why her case should not be dismissed for failure to prosecute and failure to comply with Court Orders pursuant to Fed. R. Civ. P. 41(b).  Despite the Court's clear warning about the consequences for failure to respond to the Order to Show Cause, Plaintiff did not respond by the show cause deadline. As the Court sets forth in detail below, Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with several Court Orders and Local Rules.  Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute her case.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome.  *See Hall*, 935 F.3d at 1110.

For the reasons provided below, the Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

By way of giving context to the Court's Recommendation, the Court provides the following background.  On December 12, 2012, Plaintiff filed the present lawsuit alleging various claims relating to the foreclosure of her home.  *See Compl.* [#1].  The last contact by Plaintiff with the Court occurred on May 25, 2012, when she filed a Motion for Revised Entry of Default [#47].  On August 13, 2012, the Court issued an Order to Show Cause [#50], returnable by Plaintiff as to why four of the Defendants should not be dismissed as parties.  Plaintiff failed to respond to this Order.  On September 5, 2012, the Court issued a Recommendation [#51] that those four Defendants be dismissed.  Although Plaintiff was afforded a two-week opportunity to object, she failed to do so.  On September 10, 2012, the Court issued another Recommendation [#52] that a fifth Defendant be dismissed. Plaintiff was again provided with a two-week opportunity to object, but she did not do so. On November 21, 2012, the remaining two Defendants filed a Motion to Dismiss [#55]. Plaintiff failed to timely file a Response, so the Court issued another Order to Show Cause [#57], returnable by Plaintiff by January 7, 2013.  Plaintiff failed to respond to this Order as well, even though it clearly warned her that her failure to respond would result in a recommendation that her case be dismissed.  Plaintiff has not contacted the Court or filed or any other document with the Court in nearly eight months.  The mail sent to Plaintiff at her last known address has not been returned as undeliverable; thus it is presumed that

Plaintiff has received notice of the proceedings in this matter and chooses to ignore them.

## II. Findings

The Court finds that Plaintiff has failed to meaningfully participate in her case. Specifically, Plaintiff has failed to comply with at least two Court Orders: (1) she failed to comply with the Order to Show Cause [#50] issued on August 13, 2012, and (2) she failed to comply with the Order to Show Cause [#57] issued on December 19, 2012. Moreover, Plaintiff's failure to respond to the pending Motion to Dismiss [#55] and failure to contact the Court to update her contact information as required by D.C.COLO.LCivR 10.1M. are collectively viewed as a failure to prosecute her case.

## III. Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1]   The factors are: "(1) the degree of actual prejudice to the defendant; (2) the

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [is appropriate], so that the party does not unknowingly lose [her] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.   Prejudice to Defendants

From a review of the case file, the Court finds that Plaintiff's neglect of her case has prejudiced Defendants. They defended the lawsuit in good faith and prepared Court documents. Moreover, allowing the case to proceed when Plaintiff's whereabouts are unknown would require Defendants to expend further unnecessary time and expense to defend against a case which Plaintiff appears to have no interest in prosecuting on her own. This factor weighs in favor of dismissal.

### B.   Interference with the Judicial Process

The Court concludes that Plaintiff's failure to prosecute her case, and specifically her failure to comply with Court Orders and the Local Rules, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and

the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).   Plaintiff's failure to contact the Court or put herself in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process.   In particular, Plaintiff's neglect has caused the Court and its staff to expend unnecessary time and effort.   The Court's frequent review of the case file and issuance of multiple Orders to Show Cause and this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.   "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006).  This factor weighs in favor of dismissal.

### C.   Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored her case responsibilities and failed to move her case forward.  The Court provided Plaintiff with ample opportunities to litigate her case, but since May 2012, she has chosen not to participate.  As a voluntary *pro se* litigant, it is solely Plaintiff's responsibility to ensure that she complies with case deadlines, Court Orders and applicable rules.  *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  It is solely the responsibility of Plaintiff to ensure that the Court knows of her whereabouts.  Considering the history of this case, the Court must conclude that Plaintiff's failures have been willful, and that she is therefore responsible for her own noncompliance.  This factor weighs in favor of dismissal.

### D.   Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court that she risked dismissal of her case if she failed

to move the case forward or to comply with Court Orders *See, e.g.*, [#57] at 1.  *Pro se* litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Thus, to the extent that Plaintiff did not receive the warnings because she failed to keep the Court apprised of her current mailing address, the responsibility for lack of notice falls on her shoulders.  Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case do not prevent this result.

### E.    Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse her neglect here.  *See Green*, 969 F.2d at 917.  In addition, given that Plaintiff has not been in contact with the Court for many months, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct.  Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting her claims.  Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

### IV.  Conclusion

The Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that the Order to Show Cause [#57] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 15, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge